IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
|     Miroslaw Drozdowski, | ) | CASE NO. 12 B 29975 |
| | ) | |
|         Debtors, | ) | Judge Jack B. Schmetterer |

| | | |
|---|---|---|
| Miroslaw Drozdowski, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | ADV. NO. 12 AP 01212 |
| | ) | |
| PNC Bank NA, | ) | |
| | ) | |
|     Defendant. | ) | |

**PROPOSED FIDINGS OF FACT AND CONCLUSIONS OF LAW**

**Findings of Fact.**

Findings of fact are based on the filed Adversary Complaint and the Affidavit of Miroslaw Drozdowski.

**A. The Parties**

1.    The Plaintiff is Miroslaw Drozdowski ("Plaintiff").

2.    The Defendant is PNC Bank NA ("Defendant").

**B. Factual Background**

1.    On July 30, 2012, Plaintiff filed a petition for relief under Chapter 13 of Bankruptcy code.

2.    Plaintiff owns the real estate commonly known as 4355 N. Oak Park Ave, Harwood Heights, IL 60706.

3.    PNC Bank NA holds a first mortgage lien on the real property commonly known as 4355 N. Oak Park Ave, Harwood Heights, IL 60706, with a secured claim of $236,881.00.

4.    The Defendant holds a second mortgage lien on the real property known 4355 N.

Oak Park Ave, Harwood Heights, IL 60706 in the amount of $68,113.83.

5.  That the fair market value at the time of filing of case number 12 B 29975 of the real estate was not more than $170,000.00.

6.  The first mortgage lien of PNC Bank NA is a secured claim based on the mortgage with Midamerica Bank, which is now a part of PNC Bank NA that was recorded on January 9, 2007 as document number 0700935361 with the Cook County Recorder of Deeds, Illinois.

7.  The second mortgage lien of PNC Bank NA is a claim based on the mortgage with Midamerica Bank dated July 17, 2006 recorded in the Office of the Cook County Recorder of Deeds as document number 0619846180 and subordinated to with Midamerica Bank, which is now a part of PNC Bank NA pursuant to subordination agreement recorded in the Office of the Cook County Recorder of Deeds on January 9, 2007 as document no. 0700935362.

8.  The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $243 monthly for 36 months.

9.  Under the Plan, general unsecured creditors will be paid a dividend of six percent (6%) of their allowed claim.

10. On August 6, 2012, Plaintiff issued a summons and complaint to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 4355 N. Oak Park Ave, Harwood Heights, IL 60706.

11. That on August 6, 2012 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to an officer of the Defendant at 249 5th Ave., Ste. 30, Pittsburgh, PA 15222.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the fair market value of $170,000.00.

15. The secured claim of PNC Bank NA in the amount of $236,881.00 exhausts the value and equity in Plaintiff's residence.

16.   There is no value and equity to support the claim of the Defendant.

## PROPOSED CONCLUSIONS OF LAW

### A.  Jurisdiction

1.   The contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

2.   This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

3.   Venue is proper in this pursuant to 28 U.S.C. § 1409.

### B.  Argument

4.   This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

5.   The Debtor scheduled the first PNC Bank NA secured claim in the amount of $236,881.00 and the second PNC Bank NA claim in the amount of $68,113.83.

6.   That value of Plaintiff's residence is $170,000.00.

7.   As there is no value or equity to support the second priority lien of PNC Bank NA, the PNC Bank NA claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 plan, value the collateral under FR. Bankr. P.3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr. N.F.Ill. January 29, 2010).

United States Bankruptcy Judge

Oct 16, 2012